**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                              Case No.:   3:09-cr-303-HLA-JBT

JACIE LEE EDSALL

---

**ORDER**

Before the Court is Defendant Jacie Lee Edsall's Motion for Credit for Prior Jail Custody. (Doc. 210, Motion). The United States has filed a response in opposition. (Doc. 212, Response). Although he was not granted leave to do so, Defendant filed a reply brief. (Doc. 213, Reply).

Defendant is serving an 18-month term of imprisonment for violating the conditions of supervised release (Doc. 209, Judgment of Revocation), having previously been convicted in 2010 of conspiracy to manufacture and distribute 50 grams or more of methamphetamine (Doc. 112, Judgment). In the Motion, Defendant seeks credit against his current 18-month prison sentence for 29 days of prior jail custody pursuant to 18 U.S.C. § 3585(b)(2).[1]

On December 27, 2019, the Court issued a warrant for Defendant's arrest for violating the conditions of supervised release. (Docs. 177, 178). On January

---

[1] It appears Defendant was in prior jail custody for 27 days rather than 29 days.

1

15, 2020, a Putnam County Sheriff's Office deputy pulled over Defendant's vehicle because the driver (Defendant) was not wearing a seatbelt. (Doc. 212-1 at 2). While conducting a warrant check on the vehicle's passengers, the deputy discovered the warrant for Defendant's arrest and placed him in custody. (Id.). With Defendant's consent, the deputy searched the vehicle and discovered crystal methamphetamine, several needles, and three meth pipes. (Id.). Defendant admitted that the contraband belonged to him. (Id.).

Based on this incident, the State of Florida charged Defendant with possession of methamphetamine and possession of drug paraphernalia. (Doc. 212-3, Information). Defendant was held in a Putnam County (Florida) jail from January 15, 2020 through February 11, 2020, or for 27 days (not including the entirety of January 15), before the United States Marshals arrested him on February 12, 2020. Defendant later pled nolo contendere in state court to the two charges contained in the Information. (Doc. 208-1, State Court Judgment at 1). The state court adjudicated Defendant guilty and sentenced him to 27 days in jail with credit for the 27 days he spent in the Putnam County facility. (Id. at 4–8).

As a threshold matter, the Court lacks statutory authority to grant Defendant the relief he now seeks. It is up to the Attorney General, not the courts, to determine the amount of a defendant's jail-time credit. United States v. Wilson, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served

'is in the first instance an administrative, not a judicial, function.'" United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." Id. (citing Flanagan, 868 F.2d at 1546). Here, there is no evidence that Defendant has exhausted his administrative remedies within the Bureau of Prisons regarding the calculation of jail-time credits. As such, the Court cannot grant him credit for the time he spent in the Putnam County jail.

In any event, the facts establish that Defendant is not entitled to jail-time credit. Under 18 U.S.C. § 3585,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). As the United States correctly observes, Defendant received credit for the 27 days he spent in the Putnam County jail against his state-court convictions for possession of methamphetamine and possession of drug paraphernalia. Response at 3–4. Because the time that Defendant spent in the Putnam County jail was credited against another

3

sentence, he is not entitled to receive double credit for that time by having it count against his federal sentence as well. Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

Accordingly, Defendant Jacie Lee Edsall's Motion for Credit for Prior Jail Custody (Doc. 210) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:

Counsel of record
Defendant